CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 21 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY EDWIN PATTERSON, | ) |
| Plaintiff, | ) Civil Action No. 7:08cv00284 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| TIMOTHY M. KAINE, et al., | ) By: Hon. Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |

Plaintiff Larry Edwin Patterson, a Virginia inmate, filed this pro se civil action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff asks for in forma pauperis status, seeking to proceed without prepayment of the $350.00 filing fee, pursuant to 28 U.S.C. § 1915. Upon review of court records, the court finds that the action must be dismissed without prejudice under Subsection (g) of § 1915 unless plaintiff prepays the filing fee in full within ten (10) days.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim. See Patterson, et al. v. Garraghty, et al., 3:98-cv-00197 (E.D. Va. August 11, 1998) (dismissed as frivolous); Patterson, et al. v. Coker, et al., 3:98-cv-00238 (E.D. Va. January 13, 1999) (dismissed as frivolous); and Patterson v. Jenkins, et al., 7:01-cv-00766 (W.D. Va. October 31, 2002) (dismissed for failure to state a claim upon which relief may be granted). The court thus finds that plaintiff has at least three

"strikes" within the meaning of § 1915(g). Therefore, the court also finds that he cannot file this civil action or any other civil action without prepayment of the $350.00 fee required for filing civil actions[1] unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (restating "imminent danger of serious physical harm" standard).

The court finds that plaintiff fails to demonstrate that he is currently under any threat of imminent physical harm as contemplated under §1915(g).[2] As plaintiff has three "strikes" within the meaning of § 1915(g) and as he has failed to demonstrate any imminent danger of serious *physical* harm sufficient to allow him to proceed in forma pauperis without prepayment of the $350.00 filing fee in this § 1983 cause of action, the court shall deny his motion to proceed without

---

[1] This fee is set by statute. See 28 U.S.C. § 1914(a).

[2] Plaintiff states that his constitutional rights are being violated because he is unable to obtain early parole. Plaintiff is advised that the denial of early parole does not subject an inmate to cruel and unusual punishment, because there is no serious physical or emotional injury. See Campbell v. Johnson, et al., 465 F. Supp.2d 597, 602 (E.D. Va. 2006) (Ellis, J.) (citing Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993)). And clearly the denial of early parole does not impose "atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995) (inmate confined to segregation for thirty days had no protected liberty interest at stake).
Furthermore, plaintiff's attacks on the fact and duration of his continued confinement are more appropriately pursued by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); see also Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). As the Supreme Court has noted, a § 1983 damages claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 646-47 (1997) (recognizing a valid § 1983 claim when the procedural claim at issue does not call into question the lawfulness of plaintiff's continuing confinement). In the instant case, should plaintiff receive his desired relief, an earlier release on parole, it would immediately call into question his continued confinement. Thus, plaintiff's claim should be brought pursuant to 28 U.S.C. § 2254. Plaintiff is advised, however, that a habeas corpus petition based on plaintiff's parole denials would likely fail. Although Virginia inmates have some protected liberty interests in parole eligibility considerations, Hill v. Jackson, 64 F.3d 163, 170 (4th Cir. 1995), parole boards are entitled to considerable discretion and inmates are "entitled to no more than minimal procedure." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). For example, due process is satisfied when parole authorities send the inmate a letter explaining why the inmate is precluded from parole or parole eligibility. Id. at 523.

prepayment of the filing fee and, if he fails to prepay the $350.00 filing fee within ten (10) days, the court shall dismiss this action without prejudice, pursuant to § 1915(g). An appropriate order shall be entered this day.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 21st day of April, 2008.

Senior United States District Judge