CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RHR
MAY 16 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| LARRY EDWIN PATTERSON, ) | |
|     Plaintiff, ) | Civil Action No. 7:08cv00284 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TIMOTHY M. KAINE, et al., ) | By: Hon. Jackson L. Kiser |
|     Defendants. ) | Senior United States District Judge |

By order entered on May 1, 2008, I dismissed plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915(g), plaintiff is ineligible to file this or any other civil action without prepayment of the $350.00 fee required for filing civil actions unless he demonstrates that he is "under imminent danger of serious physical injury."[1] See § 1915(g); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (restating "imminent danger of serious physical harm" standard). Plaintiff had been allotted ten days within which to pay the filing fee, but had failed to do so; accordingly, the complaint was dismissed pursuant to 28 U.S.C. § 1915(g).

Plaintiff has now filed a "MOTION TO CORRECT 'FINAL ORDER,'" arguing that I erred in dismissing his complaint pursuant to 28 U.S.C. § 1915(g) without including language indicating that the complaint had been dismissed "without prejudice." However, there is no prejudice implied by the § 1915(g) bar. After a dismissal pursuant to § 1915(g), plaintiff may re-file the complaint at such time as he is able to pay the filing fee. Thus, the question plaintiff presents regarding prejudice is moot. However, upon further consideration of the complaint and plaintiff's supplemental filings, I will amend the earlier dismissal of May 1, 2008, and today will dismiss the complaint pursuant to

---

[1] Plaintiff has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. See Patterson, et al. v. Garraghty, et al., 3:98-cv-00197 (E.D. Va. August 11, 1998) (dismissed as frivolous); Patterson, et al. v. Coker, et al., 3:98-cv-00238 (E.D. Va. January 13, 1999) (dismissed as frivolous); and Patterson v. Jenkins, et al., 7:01-cv-00766 (W.D. Va. October 31, 2002) (dismissed for failure to state a claim upon which relief may be granted).

28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[2]

As I noted in the dismissal order of May 1, 2008, and in the memorandum opinion of April 21, 2008 (wherein plaintiff was advised of his ineligibility to proceed without full prepayment of the fee or a demonstration that he is "under imminent danger of serious physical injury," and was given ten days within which to pay the filing fee), plaintiff states that his constitutional rights are being violated because he is unable to obtain early parole; however, such a complaint does not demonstrate that he is under imminent danger of serious physical harm, and his claim fails on the merits because the denial of early parole does not subject an inmate to cruel and unusual punishment, Campbell v. Johnson, et al., 465 F. Supp.2d 597, 602 (E.D. Va. 2006) (Ellis, J.) (citing Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993)), and clearly the denial of early parole does not impose "atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life," Sandin v. Connor, 515 U.S. 472, 484 (1995) (inmate confined to segregation for thirty days had no protected liberty interest at stake).[3]

---

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[3] Furthermore, plaintiff is again advised that his attacks on the fact and duration of his continued confinement are more appropriately pursued by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); see also Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). As the Supreme Court has noted, a § 1983 damages claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 646-47 (1997) (recognizing a valid § 1983 claim when the procedural claim at issue does not call into question the lawfulness of plaintiff's continuing confinement). In the instant case, should plaintiff receive his desired relief, an earlier release on parole, it would immediately call into question his continued confinement. Thus, plaintiff's claim should be brought pursuant to 28 U.S.C. § 2254. Plaintiff is advised, however, that a habeas corpus petition based on plaintiff's parole denials would likely fail. Although Virginia inmates have some protected liberty interests in parole eligibility considerations, Hill v. Jackson, 64 F.3d 163, 170 (4th Cir. 1995), parole boards are entitled to considerable discretion and inmates are "entitled to no more than minimal procedure."
(continued...)

For the reasons stated, the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted, and plaintiff's motion [docket no. 8] will be denied as moot. An appropriate order will be entered this day.

ENTER: This 16th day of May, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge

---

³(...continued)
Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). For example, due process is satisfied when parole authorities send the inmate a letter explaining why the inmate is precluded from parole or parole eligibility. Id. at 523.