CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL 18 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY EDWIN PATTERSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:08cv00284 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| TIMOTHY M. KAINE, et al., | ) | By: Hon. Jackson L. Kiser |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff, Larry Edwin Patterson, Virginia inmate number 126575, filed a motion [docket no. 11] seeking reconsideration of this court's determination, in its memorandum opinions [docket nos. 3 & 9] of April 21 and May 1, 2008, that he has at least three "strikes" within the meaning of 28 U.S.C. § 1915(g) and thus cannot file this civil action or any other civil action without prepayment of the $350.00 fee required for filing civil actions unless he demonstrates that he is "under imminent danger of serious physical injury." See § 1915(g); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (restating "imminent danger of serious physical harm" standard). Plaintiff filed a notice of appeal, and the case has been transmitted to the United States Court of Appeals for the Fourth Circuit. On June 23, 2008, this court denied plaintiff's motion for reconsideration.

Upon further consideration of the motion for reconsideration, the court finds that, given plaintiff's dispute of the veracity of his three "strikes," it is helpful to review the actions that constitute such "strikes." Plaintiff has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. The docket sheets in Patterson, et al. v. Garraghty, et al., Civil Action No. 3:98-cv-00197 (E.D. Va. August 11, 1998) and Patterson, et al. v. Coker, et al., Civil Action No. 3:98-cv-00238 (E.D. Va. January 13, 1999) clearly indicate that both of those cases were dismissed as frivolous. See Appendices I and II. Plaintiff is identified in both of those cases by his Virginia Department of Corrections inmate number, 126575, the same number he used when filing the instant case. Id. Plaintiff contends that, assuming he filed those cases, he abandoned them,

and that they were dismissed for failure to prosecute. However, the docket sheet in Civil Action No. 3:98-cv-00197 indicates that plaintiff filed a number of motions in the case both before and after its dismissal, and that he appealed the case to the Fourth Circuit, which affirmed the decision of the district court. See Appendix I. The docket sheet in Civil Action No. 3:98-cv-00238 reflects that, between April 21, 1998, when the complaint was docketed, and January 13, 1999, when the complaint was dismissed as frivolous, plaintiff declined to consent to trial by magistrate judge, submitted financial information, again declined to trial by magistrate judge, consented to the collection of the filing fee, filed a response to an order, filed a motion to extend time to amend his complaint, and filed at least one objection to the magistrate judge's report and recommendation. See Appendix II. Then, after the dismissal, plaintiff filed a motion to extend the time within which to file a notice of appeal, which was granted. Id. It appears, however, that a notice of appeal was not filed.

Plaintiff contends that Patterson v. Jenkins, et al., 7:01-cv-00766 (W.D. Va. October 31, 2002) (dismissed for failure to state a claim upon which relief may be granted) was dismissed on defendant's motion for summary judgment, and therefore should not count as a "strike." Plaintiff is mistaken; the complaint was dismissed on defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), and each claim plaintiff presented was dismissed because it failed on the merits. See Appendix III. Plaintiff appealed that dismissal to the Fourth Circuit, where the appeal was dismissed for failure to prosecute, and then plaintiff filed a petition for writ of certiorari to the Supreme Court of the United States, which was denied. See Appendix IV.

The court reiterates that it has reviewed the dockets in at least sixteen actions plaintiff has filed in the federal courts in Virginia, and has verified his identity as the plaintiff or petitioner in each case. The dockets in both of the two Eastern District cases cited herein as "strikes" clearly state that

2

the complaint was "[d]ismissed as frivolous pursuant to [the] Prison Litigation Reform Act," and Civil Action No. 7:01-cv-00766 was dismissed for failure to state a claim upon which relief may be granted. It is clear that, pursuant to 28 U.S.C. § 1915(g), plaintiff is ineligible to proceed without full prepayment of the fee or a demonstration that he is under imminent danger of serious physical harm.

The Clerk is directed to send copies of this order and appendices to plaintiff, and to supplement the record on appeal with such.

**ENTER**: This 18th day of July, 2008.

Jackson L. Kiser
Senior United States District Judge

3

Case 7:08-cv-00284-JLK-mfu    Document 16    Filed 07/18/08    Page 3 of 3    Pageid#: 102